Mara B. Levin, Esq.
Marni E. Weiss, Esq.
HERRICK, FEINSTEIN LLP
Attorneys for Signature Bank
Two Park Avenue
New York, New York 10016
Tel. 212.592.1400
Fax. 212.592.1500
mlevin@herrick.com

**ELECTRONICALLY FILED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x
                              :

M&I EQUIPMENT FINANCE COMPANY,   :   08 CV 02164 (GEL)(GWG)
                              :
              Plaintiff,     :   **ATTORNEY DECLARATION**
   v.                    :   **OF ANDREW GOLD IN**
                              :   **SUPPORT OF SIGNATURE**
                              :   **BANK'S MOTION FOR**
SIGNATURE BANK,              :   **SUMMARY JUDGMENT**
            Defendant.     :
                              :
---------------------------------x

ANDREW GOLD, hereby declares under penalty of perjury as follows:

1.    I am a member of the firm of Herrick, Feinstein LLP, attorneys for defendant Signature Bank ("Signature") in the above-captioned action. I submit this declaration in support of defendant's motion for summary judgment.

2.    In early July, 2007, on behalf of Signature, I began to speak with and correspond via email transmission with Louis Orbach, counsel for M&I Equipment Finance Company ("M&I") concerning his client's restraining notices in connection with judgments M&I obtained against Moise Banayan ("MB"), Ahava Food Corp. ("Ahava") and Lewis County Dairy Corp. ("LCD", ("MB" who, along with Ahava and LCD shall hereinafter be collectively referred to as the "Judgment Debtors").

3.    On July 16, 2007, Mr. Orbach and I exchanged several emails and I

supplied several documents on behalf of Signature.  Mr. Orbach initially stated that although Signature had responded to the first information subpoena and restraining notice, Signature did not respond to M&I's second information and restraining notice.  Mr. Orbach continued, "[a]s you can see, Signature Bank has not given us anything to suggest that it has a legitimate lien on any of the judgment debtor's property.  Per our call last Friday, please supply Signature Bank's loan documents with these judgment debtors, and complete responses to our information subpoenas, this week."

4.    In response, on that same date, I wrote to Mr. Orbach attaching copies of Signature's Security Agreement and Uniform Commercial Code filings in New York.

5.    Upon his receipt, Mr. Orbach requested the Loan Agreement referenced in the Security Agreement as well as other debt instruments and I immediately provided Mr. Orbach with the promissory notes and loan balances for each of the Judgment Debtors.  All this transpired on July 16, 2007.  I do not recall having another substantive conversation with Mr. Orbach or anyone else on behalf of M&I for the next two months.

6.    Then, on September 10, 2007, Mr. Orbach sent to me via email attaching a subpoena duces tecum and subpoena ad testificandum on Signature, returnable on October 4, 2007.  Mr. Orbach requested that I accept service of this subpoena on Signature's behalf.

7.    Upon receipt of that email, I wrote Mr. Orbach informing him that I would ask Signature whether I could accept service of M&I's subpoena on its behalf, and I accepted such service shortly thereafter. At some point within the following week or two, we discussed producing a witness on October 4, 2007.

8.    On September 28, 2007, my colleague, Erik Schmidt, wrote an email to Mr. Orbach stating that Signature's witness for a deposition was not available on October 4,

2007 and requested a one-week adjournment.

9.     Mr. Orbach responded to Mr. Schmidt's email on October 1, 2007, indicating that M&I was willing to reschedule the deposition "for a date in the next couple of weeks, provided that we receive the subpoenaed documents by October 4 . . . ."

10.     Mr. Schmidt responded to Mr. Orbach's email on October 3, 2007, agreeing that Signature will produce documents pursuant to the subpoena by October 4, 2007. (Copies of all emails exchanged between Herrick, Feinstein and M&I's counsel are annexed hereto as Exhibit A.)

11.     On October 4, 2007, Signature timely provided responses and documents to M&I's subpoena.   (Copies of Signature's responses to M&I's subpoena along with the documents Signature produced are annexed hereto as Exhibit B.)

12.     Thereafter, Mr. Orbach did not attempt to reschedule Signature's deposition with me or Mr. Schmidt.

13.     In fact, the next time that I heard from M&I was when he asked for Signature to agree to a tolling of the statute of limitations.  Before I could respond, we received a copy of the instant lawsuit.

14.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated: New York, New York
       June 2, 2008

_____
ANDREW GOLD

# EXHIBIT A

**REDACTED**          **ATTORNEY/CLIENT PRIVILEGED**

```
-----Original Message-----
From: Schmidt, Erik [mailto:eschmidt@herrick.com]
Sent: Wednesday, September 26, 2007 2:51 PM
To: Orbach, Louis
Cc: Gold, Andrew
Subject: RE: M&I v. Lewis Co.
```

Lou,

As I indicated in my prior voicemail to you, our ability to accept service was initially
conditioned on your waiving any further response to the information subpoenas.  However,

1

SIGN 00012

our client has now authorized us to waive that condition and accept service of the Rule 45 subpoena from you effective today.  You can also send the witness fee to my attention.

At this point, we are still in the gathering process so I can't promise that we will produce any documents prior to the October 4th deadline.
If we are able to, I'll let you know.

Erik

Frederick E. Schmidt
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
212.592.5941 direct phone
212.545.3474 direct fax
eschmidt@herrick.com
www.herrick.com

-----Original Message-----
From: Orbach, Louis [mailto:OrbachL@bsk.com]
Sent: Wednesday, September 19, 2007 3:41 PM
To: Gold, Andrew
Cc: Donato, Stephen; Randall D. Crocker; Schmidt, Erik
Subject: RE: M&I v. Lewis Co.

Dear Andy:

This will confirm our understanding that you have accepted service of our September 10, 2007 subpoena duces tecum (returnable October 4, 2007) on behalf of Signature Bank.  We received a voicemail last week from your colleague, Erik Schmidt, to that effect.

I returned Mr. Schmidt's call last week and left a message but I have not heard back from him.

Mr. Schmidt's voicemail also made reference to the earlier information subpoenas served on Signature Bank.  We believe those earlier information subpoenas are a separate and distinct issue and do not waive any of our client's rights with respect to them.

Please do not hesitate to call me to discuss.  Also, if our position with respect to the earlier information subpoenas affects your agreement to accept service of the September 10 subpoena on Signature Bank, please let us know that asap so that we may make formal service on Signature Bank.  We are not adverse to arranging for a process server if that will be required.  We had simply offered you the opportunity to accept service as a professional courtesy.

Lou

Louis Orbach
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202-1355
Phone:  (315) 218-8633
Fax:  (315) 218-8100
www.bsk.com
lorbach@bsk.com

CONFIDENTIALITY NOTICE - This e-mail is ONLY for the person(s) named in the message header.  Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law.  If you have received it in error, please notify the sender of the error and delete the message.  Thank you.
-------------------------------------------------------------------
-------------------------------------------------------------------
-------------------------------------------

-----Original Message-----

2

SIGN 00013

From: Gold, Andrew [mailto:agold@herrick.com]
Sent: Monday, September 10, 2007 5:23 PM
To: Orbach, Louis
Cc: Donato, Stephen; Randall D. Crocker
Subject: RE: M&I v. Lewis Co.


I will speak to my client and let you know tomorrow

-----Original Message-----
From: Orbach, Louis [mailto:OrbachL@bsk.com]
Sent: Monday, September 10, 2007 3:40 PM
To: Gold, Andrew
Cc: Donato, Stephen; Randall D. Crocker
Subject: RE: M&I v. Lewis Co.

Dear Andy:

Attached is a subpoena duces tecum on Signature Bank, returnable October 4, 2007.  Please
advise if you will accept service on behalf of Signature Bank, or if we should arrange for
service on Signature Bank directly.

Thanks.

Lou

Louis Orbach
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202-1355
Phone:  (315) 218-8633
Fax:  (315) 218-8100
www.bsk.com
lorbach@bsk.com

CONFIDENTIALITY NOTICE - This e-mail is ONLY for the person(s) named in the message
header.  Unless otherwise indicated, it contains information that is confidential,
privileged or exempt from disclosure under applicable law.  If you have received it in
error, please notify the sender of the error and delete the message.  Thank you.
----------------------------------------------------------------------
----------------------------------------------------------------------
----------------------------------------


-----Original Message-----
From: Gold, Andrew [mailto:agold@herrick.com]
Sent: Thursday, July 19, 2007 10:23 AM
To: Orbach, Louis
Subject: RE: M&I v. Lewis Co.


 Louis '
Additional note and loan balances

-----Original Message-----
From: Orbach, Louis [mailto:OrbachL@bsk.com]
Sent: Monday, July 16, 2007 4:27 PM
To: Gold, Andrew
Cc: Donato, Stephen; Frankel, Philip
Subject: RE: M&I v. Lewis Co.

Andy:

Thanks.  Could you please forward the Loan Agreement referenced in the Security Agreement,
as well as any other debt instruments and an account statement re: the balance of the
outstanding indebtedness?

Thanks again.

Lou

-----Original Message-----
From: Gold, Andrew [mailto:agold@herrick.com]
Sent: Monday, July 16, 2007 12:05 PM
To: Orbach, Louis
Cc: Donato, Stephen; Frankel, Philip; Brodie, Stephen
Subject: RE: M&I v. Lewis Co.


Lou   Attached are Signature Bank's security agreement and filed UCCs.
I am investigating with the bank the service of the larger restraining notice. Call me if
you have any further questions regarding the loan documentation.

-----Original Message-----
From: Orbach, Louis [mailto:OrbachL@bsk.com]
Sent: Monday, July 16, 2007 10:28 AM
To: Gold, Andrew
Cc: Donato, Stephen; Frankel, Philip
Subject: FW: M&I v. Lewis Co.

Dear Andy:

Per the call you, Steve Donato and I had last Friday, attached below are two PDF files.

The first file contains our records re: the information subpoena and restraining notice we
sent concerning the $658,994.02 judgment entered against Lewis County Dairy, Ahava Food
and Moise Banayan.  As you'll see, Signature Bank did finally respond to this information
subpoena after three requests, but Signature Bank's responses were not notarized and,
moreover, they state that the judgment debtors are not indebted to Signature Bank and that
Signature Bank does not hold any lien against the property of the judgment debtors.

The second file contains our records re: the information subpoena and restraining notice
we sent concerning the additional $60,553.66 judgment entered against Lewis County Dairy,
Ahava Food and Moise Banayan.
Signature Bank has never responded to this second subpoena.

As you can see, Signature Bank has not given us anything to suggest it has a legitimate
lien on any of the judgment debtor's property.  Per our call last Friday, please supply
Signature Bank's loan documents with these judgment debtors, and complete responses to our
information subpoenas, this week.

And do not hesitate to call Steve or me if you'd like to discuss this matter further.

Lou

Louis Orbach
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202-1355
Phone:  (315) 218-8633
Fax:  (315) 218-8100
www.bsk.com
lorbach@bsk.com

CONFIDENTIALITY NOTICE - This e-mail is ONLY for the person(s) named in the message
header.  Unless otherwise indicated, it contains information that is confidential,
privileged or exempt from disclosure under applicable law.  If you have received it in
error, please notify the sender of the error and delete the message.  Thank you.
--------------------------------------------------------------------
--------------------------------------------------------------------
-----------------------------------------

>  <<Scan and Mail.PDF>>
>
4                                          SIGN 00015

```
>   <<Scan and Mail.PDF>>
>
>
```

The information in this message may be privileged, intended only for the use of the named recipient. If you received this communication in error, please immediately notify us by return e-mail and destroy the original and any copies. Any tax advice contained in this communication is not intended and cannot be used for the purpose of avoiding tax-related penalties.


The information in this message may be privileged, intended only for the use of the named recipient. If you received this communication in error, please immediately notify us by return e-mail and destroy the original and any copies. Any tax advice contained in this communication is not intended and cannot be used for the purpose of avoiding tax-related penalties.

The information in this message may be privileged, intended only for the use of the named recipient. If you received this communication in error, please immediately notify us by return e-mail and destroy the original and any copies. Any tax advice contained in this communication is not intended and cannot be used for the purpose of avoiding tax-related penalties.

SIGN 00016

**REDACTED**    **ATTORNEY/CLIENT**
**PRIVILEGED**

---

**From:** Orbach, Louis [mailto:OrbachL@bsk.com]
**Sent:** Monday, October 01, 2007 9:30 AM
**To:** Schmidt, Erik
**Cc:** Donato, Stephen; Randall D. Crocker
**Subject:** RE: deposition

Erik:

We are willing to reschedule the deposition for a date certain in the next couple of weeks, provided that we still receive the subpoenaed documents by October 4 and Signature waives the witness fee as partial compensation for the $125 cancellation penalties we will incur from the airlines.  Assuming this is acceptable to Signature, please give me some deposition dates in the next couple of weeks that would work for you and your witness so we can try to pick a mutually convenient date for the deposition.

5/9/2008

SIGN 00008

Lou

Louis Orbach
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202-1355
Phone: (315) 218-8633
Fax: (315) 218-8100
www.bsk.com
lorbach@bsk.com

CONFIDENTIALITY NOTICE - This e-mail is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message. Thank you.

-----------------------------------------------------------------------------------------------------------------------------------------
-----------------------

-----------------------------------------------------------------------------------------------------

**From:** Schmidt, Erik [mailto:eschmidt@herrick.com]
**Sent:** Friday, September 28, 2007 3:32 PM
**To:** Orbach, Louis
**Subject:** deposition

Lou,

The witness Signature is going to produce for the examination is not available on October 4th. Can we postpone the deposition for a week or so?

Erik

Frederick E. Schmidt
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
212.592.5941 direct phone
212.545.3474 direct fax
eschmidt@herrick.com
www.herrick.com

The information in this message may be privileged, intended only for the use of the named recipient. If you received this communication in error, please immediately notify us by return e-mail and destroy the original and any copies. Any tax advice contained in this communication is not intended and cannot be used for the purpose of avoiding tax-related penalties.

SIGN 00009

REDACTED    **ATTORNEY/CLIENT**
**PRIVILEGED**

**From:** Schmidt, Erik [mailto:eschmidt@herrick.com]
**Sent:** Wednesday, October 03, 2007 9:25 AM
**To:** Orbach, Louis
**Subject:** RE: deposition

Lou,

We're on track to get you a document response tomorrow and are willing to waive the witness fee. I'm just waiting on some dates and will get them to you as soon as possible.

Erik

Frederick E. Schmidt
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
212.592.5941 direct phone
212.545.3474 direct fax
eschmidt@herrick.com
www.herrick.com

**From:** Orbach, Louis [mailto:OrbachL@bsk.com]
**Sent:** Monday, October 01, 2007 9:30 AM
**To:** Schmidt, Erik
**Cc:** Donato, Stephen; Randall D. Crocker
**Subject:** RE: deposition

Erik:

We are willing to reschedule the deposition for a date certain in the next couple of weeks, provided that we still receive the subpoenaed documents by October 4 and Signature waives the witness fee as partial compensation for the $125 cancellation penalties we will incur from the airlines. Assuming this is acceptable to Signature, please give me some deposition dates in the next couple of weeks that would work for you and your witness so we can try to pick a mutually convenient date for the deposition.

SIGN 00010

5/9/2008

Lou


Louis Orbach
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202-1355
Phone: (315) 218-8633
Fax: (315) 218-8100
www.bsk.com
lorbach@bsk.com

CONFIDENTIALITY NOTICE - This e-mail is ONLY for the person(s) named in the message header.  Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law.  If you have received it in error, please notify the sender of the error and delete the message.  Thank you.

---------------------------------------------------------------------------------------------------------------------------------
-----------------------

---------------------------------------------------------------------------------------------------

**From:** Schmidt, Erik [mailto:eschmidt@herrick.com]
**Sent:** Friday, September 28, 2007 3:32 PM
**To:** Orbach, Louis
**Subject:** deposition

Lou,

The witness Signature is going to produce for the examination is not available on October 4th.  Can we postpone the deposition for a week or so?

Erik

Frederick E. Schmidt
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
212.592.5941 direct phone
212.545.3474 direct fax
eschmidt@herrick.com
www.herrick.com

The information in this message may be privileged, intended only for the use of the named recipient. If you received this communication in error, please immediately notify us by return e-mail and destroy the original and any copies. Any tax advice contained in this communication is not intended and cannot be used for the purpose of avoiding tax-related penalties.

SIGN 00011

5/9/2008

# EXHIBIT B

Andrew C. Gold (ACG-4875)
Frederick E. Schmidt (FS-5277)
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016-9301
(212) 592-1400
Attorneys for Signature Bank

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
   M&I EQUIPMENT FINANCE COMPANY,    :
                                                   :   Case No.: 7:06-cv-0054
             v.                         :          N.D.N.Y.
                                                     :
   LEWIS COUNTY DAIRY CORP., AHAVA       :
   FOOD CORP. and MOISE A. BANAYAN.
------------------------------------------------------------------ x

## RESPONSE TO SUBPOENA

    Signature Bank ("Signature"), by its attorneys, Herrick, Feinstein LLP, hereby responds to the

Subpoena (the "Subpoena") served by M&I Equipment Finance Company ("M&I" or the

"Judgment Creditor"), dated September 10, 2007, subject to the objections and reservations set

forth herein.

## GENERAL OBJECTIONS

    1.      Signature objects to the Subpoena on the basis that it imposes an oppressive and

undue burden on Signature, a non-party to the subject litigation, in terms of time and expense in

complying with same, which is prohibited by both the Federal Rules of Civil Procedure

("FRCP") and the New York Civil Practice Law and Rules ("CPLR").  Costs of legal counsel to

represent Signature in connection with the Subpoena as well as costs of identifying, locating,

collecting, reviewing and producing paper and electronic files will be substantial.  Signature

objects to bearing the costs associated with complying with the Subpoena and demands that the

Judgment Creditor reimburse Signature for all costs associated with complying with the Subpoena, including attorney's fees, time of employees, and duplication costs.

2.      Signature objects on the ground that the Judgment Creditor, having previously elected to rely on New York state law in connection with its discovery in aid of the judgment by serving two information subpoenas now impermissibly relies on federal law by serving a Subpoena under FRCP Rule 45.

3.      Signature objects to the Subpoena to the extent it seeks documents that are not reasonably calculated to lead to the discovery of information concerning the assets of Lewis County Dairy Corp. ("LCDC"), Ahava Food Corp. ("Ahava") and Moise A. Banayan ("Banayan" or, collectively with LCDC and Ahava, the "Judgment Debtors") which may be used to satisfy the Judgment Creditor's judgment.

4.      Signature objects to the Subpoena to the extent it seeks documents that are privileged under the attorney-client communication or work product privileges, including without limitation, any documents created internally or externally in connection with Signature's investigation of, and response to, the Subpoena. Signature further objects to the Subpoena to the extent it seeks documents that are subject to any other applicable privilege or protection under the laws of the State of New York, federal laws and any other applicable laws, rules and regulations.

5.      Signature objects to the Subpoena to the extent it seeks proprietary, confidential and/or commercially sensitive business information.

6.      Signature objects to the Subpoena to the extent it seeks information or the identification of documents that are not in its possession, custody or control.

HF 3803037v.1 #06406/0023

SIGN 00287

7.    Signature objects to the Subpoena to the extent it seeks information that is easily available to the Judgment Creditor from publicly available sources or from parties to the subject litigation.

8.    In stating these objections, Signature does not waive, and hereby reserves, any and all of its other rights and further objections to the production, competency, relevancy, materiality, discoverability and/or admissibility of all documents and other information requested as may be ascertained as Signature conducts further investigation. Signature further reserves the right to modify, supplement or otherwise amend its responses to the Subpoena in the future as Signature conduct further investigation.

## REQUESTS FOR DOCUMENTS

1.    *Produce all documents concerning each account, safe deposit box and certificate of deposit at Signature Bank in which Ahava, LCDC or Banayan has possessed an interest at any time between January 1, 2007 and the present, including, but not limited to, all account statements and all documents concerning wire transfers, deposits, withdrawals, transactions and account activity of any kind.*

## Response

Signature objects to this request on the grounds (1) that compliance with the request will impose an undue burden and expense on Signature which is not a party to this action; and (2) except to the extent that the request seeks documents related to current assets of the judgment debtors available to satisfy the requesting party's judgment, the request is outside the scope of permissible post-judgment discovery. The request appears to be part of a "fishing expedition" designed to improperly gather pre-litigation discovery against Signature in connection with a future separate action regarding its compliance with the restraining notices issued in this action. Not only is this fishing expedition improper, but any litigation against Signature involving any alleged violation of the restraining notices is doomed to failure since Signature, at all times relevant, was a senior secured creditor of the judgment debtor whose secured claims greatly exceeded both the amount of the requesting party's judgment as well as the aggregate amount of any funds in any account subject to restraint. *See Aspen Industries, Inc. v. Marine Midland Bank,* 52 N.Y.2d 575 (1981); *Nielsen Media Research, Inc. v. the Carlton Hotel,* LLC., 5 A.D.3d (First Dept. 2004). Without waiving the foregoing objections, Signature attaches documents bearing Bates stamp numbers SIG00001 through SIG00021 in response to that part of this request which Signature does not deem objectionable.

SIGN 00288

2.      *Produce all documents in Signature Bank's possession, custody or control concerning,*
*evidencing, itemizing, listing or recording any assets in which Ahava, LCDC or Banayan has*
*possessed an interest at any time from January 1, 2007 to the present.*

**Response**

        **Signature objects to this request on the ground that compliance with the request will
impose an undue burden and expense on Signature which is not a party to this action.
Without waiving the foregoing objection, Signature attaches documents bearing Bates
stamp numbers SIG00001 through SIG00021 in response to that part of this request which
Signature does not deem objectionable.**

3.      *Produce all documents in Signature Bank's possession, custody or control concerning all*
*transfers or conveyances of assets by Ahava, LCDC or Banayan from January 1, 2007 to the*
*present.*

**Response**

        **Signature objects to this request on the grounds (1) that compliance with the request
will impose an undue burden and expense on Signature which is not a party to this action;
and (2) the request appears to be part of a "fishing expedition" designed to improperly
gather pre-litigation discovery against Signature in connection with a future separate
action regarding its compliance with the restraining notices issued in this action.  Without
waiving the foregoing objections, Signature is not in possession, custody or control of any
documents concerning transfers or conveyances of any of the assets of any of the Judgment
Debtors which would otherwise be available to satisfy the Judgment Creditor's judgment
in whole or in part.**

4.      *Produce all notes, applications, and other documents in Signature Bank's possession,*
*custody or control concerning loans or guarantees to which Ahava, LCDC or Banayan is a*
*party, including, but not limited to, all documents concerning the balances due on those loans*
*and whether the borrower(s) is/are in default.*

**Response**

        **Signature objects to this request on the ground that compliance with the request will
impose an undue burden and expense on Signature which is not a party to this action.
Signature has previously produced copies of (1) the Security Agreement, dated August 22,
2005 by, *inter alia*, Ahava and LCDC; (2) filed UCC statements; (3) a Promissory Note in
the principal sum of $750,000, dated March 30, 2006, made by LCDC in favor of
Signature; (4) an account printout dated July 18, 2007 reflecting a balance owed to
Signature by Ahava on its revolving credit facility in the amount of $5,413,062.50; (5) an
account printout dated July 18, 2007, reflecting a balance owed to Signature by Ahava on
its term loan in the amount of $1,271,350.60; and (6) an account printout dated July 18,
2007 reflecting a balance owed to Signature by LCDC in the amount of $753,276.04.
Signature objects to the production of any documents previously produced.   The**

documents already produced by Signature are sufficient to evidence the attachment and perfection of its security interests as well as the amounts owed by the Judgment Debtors to Signature. Accordingly, Signature objects to the production of any other documents which may be responsive to this request on the grounds that the request is unduly burdensome and expensive. Without waiving the foregoing objections, enclosed herewith is a copy of the Guaranty bearing Bates stamp numbers SIG00022 through SIG00026.

5.      *Produce all documents concerning contracts, agreements and understandings between Signature Bank, on the one hand, and Ahava, LCDC or Banayan, on the other hand.*

## Response

      **Signature refers the Judgment Creditor to its response to request number 4 above.**

6.      *Produce all documents concerning Signature Bank's exercise of possession or control over assets of Ahava, LCDC or Banayan.*

## Response

      **Signature objects to this request on the ground that it is vague and overbroad. Without waiving the foregoing objection, Signature is not in possession, custody or control of any documents responsive to request number 6.**

7.      *Produce all loan applications, loan documents, security interests, security agreements, financing statements and all other documents relating to loans by Signature Bank to Ahava, LCDC or Banayan.*

## Response

      **Signature refers the Judgment Creditor to its response to request number 4 above.**

8.      *Produce all documents concerning communications on or after January 1, 2007 between Signature Bank, on the one hand, and Ahava, LCDC or Banayan, on the other hand, including, but not limited to, all such communications relating to the judgments against Ahava, LCDC and Banayan in this action or the satisfaction of those judgments.*

## Response

      **Signature objects to this request on the grounds (1) that compliance with the request will impose an undue burden and expense on Signature which is not a party to this action; and (2) the request does not seek documents related to current assets of the judgment debtors available to satisfy the requesting party's judgment and is, therefore, outside the scope of permissible post-judgment discovery. The request appears to be part of a "fishing expedition" designed to improperly gather pre-litigation discovery against Signature in connection with a future separate action regarding its compliance with the restraining notices issued in this action.**

SIGN 00290

9.      *Produce all documents concerning communications between or among the officers, directors, employees or agents of Signature Bank relating to the judgments against Ahava, LCDC and Banayan in this action or the satisfaction of those judgments.*

**Response**

  **Signature objects to this request on the grounds (1) that compliance with the request will impose an undue burden and expense on Signature which is not a party to this action; and (2) the request does not seek documents related to current assets of the judgment debtors available to satisfy the requesting party's judgment and is, therefore, outside the scope of permissible post-judgment discovery.  The request appears to be part of a "fishing expedition" designed to improperly gather pre-litigation discovery against Signature in connection with a future separate action regarding its compliance with the restraining notices issued in this action.**

10.      *Produce all documents concerning the restraining notices served on Signature Bank relating to the judgments in this action, including, but not limited to, all documents concerning: (a) Signature Bank's receipt of those restraining notices, (b) Signature Bank's processing of those restraining notices, (d) all violations of those restraining notices by Signature Bank, (e) all transfers, dispositions, payments or disposals of money or other assets in which Ahava, LCDC or Banayan possessed an interest that have been made or permitted by Signature Bank since its receipt of those restraining notices, (f) all communications between or among the officers, directors, employees or agents of Signature Bank, on the one hand, and Ahava, LCDC or Banayan, on the other hand, relating to those restraining notices.*

**Response**

  **Signature objects to this request on the grounds (1) that compliance with the request will impose an undue burden and expense on Signature which is not a party to this action; and (2) the request does not seek documents related to current assets of the judgment debtors available to satisfy the requesting party's judgment and is, therefore, outside the scope of permissible post-judgment discovery.  The request appears to be part of a "fishing expedition" designed to improperly gather pre-litigation discovery against Signature in connection with a future separate action regarding its compliance with the restraining notices issued in this action.**

11.      *Produce all other books, papers and records in Signature Bank's possession, custody or control which have or may contain information concerning Ahava, LCDC or Banayan's property, income or other means relevant to the satisfaction of the judgment entered against them in this action.*

HF 3803037v.1 #06406/0023

**SIGN 00291**

**Response**

     Signature objects to this request on the ground that it is vague and overbroad.  In addition, to the extent request number 11 requests documents sought by any of the previous requests above, Signature refers the Judgment Creditor to its response(s) to the applicable request(s).  Without waiving any of the foregoing objections, Signature is not in possession, custody or control of any documents responsive to request number 11.

Dated:  New York, New York
       October 4, 2007

                        HERRICK, FEINSTEIN LLP
                        *Attorneys for Signature Bank*


                    By:  */s/ Frederick E. Schmidt*
                        Andrew C. Gold (AG-4875)
                        Frederick E. Schmidt (FS-5277)
                  2 Park Avenue
                  New York, New York 10016-9301
                  (212) 592-1400

HF 3803037v.1 #06406/0023

SIGN 00292