Mara B. Levin, Esq.
Marni E. Weiss, Esq.
HERRICK, FEINSTEIN LLP
Attorneys for Signature Bank
Two Park Avenue
New York, New York 10016
Tel. 212.592.1400
Fax. 212.592.1500
mlevin@herrick.com

**ELECTRONICALLY FILED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                            :

M&I EQUIPMENT FINANCE COMPANY,    :   08 CV 02164 (GEL)(GWG)
                            :
               Plaintiff,     :   **ATTORNEY DECLARATION**
    v.                      :   **OF MARA B. LEVIN IN**
                            :   **SUPPORT OF SIGNATURE**
                            :   **BANK'S MOTION FOR**
SIGNATURE BANK,              :   **SUMMARY JUDGMENT**
            Defendant.   :
                            :
------------------------------x

MARA B. LEVIN, hereby declares under penalty of perjury as follows:

1.    I am a member of the firm of Herrick, Feinstein LLP, attorneys for defendant Signature Bank ("Signature") in the above-captioned action. I submit this declaration in support of defendant's motion for summary judgment.

2.    Attached hereto as Exhibit A is a true and correct copy of plaintiff M&I Equipment Finance Company's Complaint.

3.    Attached hereto as Exhibit B is a true and correct copy of Signature's Answer to plaintiff's Complaint.

4.      I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.


Dated: New York, New York
       June 2, 2008

_____
MARA B. LEVIN

HF 4089030 v.1  #06406/0042 06/02/2008 06:40 PM

# EXHIBIT A

MAR-25-2008  11:53     SIGNATURE BANK                        1 646 822 1695    P.001

*Marion Gonzalez*

SIGNATURE BANK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

2008 MAR 25  AM 11: 47

BANK OPERATIONS

Southern _____ District of _____ New York

M&I Equipment Finance Company

**SUMMONS IN A CIVIL ACTION**

V.

Signature Bank

CASE NUMBER:    08-CV-02164 (GEL/GWG)

TO:     Signature Bank
        565 Fifth Avenue
        New York, NY 10017

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Louis Orbach, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

an answer to the complaint which is served on you with this summons, within ____ twenty (20) ____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
, CLERK

(By) DEPUTY CLERK

DATE     MAR  2 4  2008

MAR-25-2008  11:53    SIGNATURE BANK    1 646 822 1695    P.002

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                          Date                                      *Signature of Server*

                                                                    _____
                                                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

M&I EQUIPMENT FINANCE COMPANY,  **08 CV 02164**

                Plaintiff,      **COMPLAINT**

    v. 

SIGNATURE BANK,

              Defendant.

---------------------------------------------------------------

    M&I Equipment Finance Company ("M&I EFC") by its attorneys, Bond,

Schoeneck & King, PLLC, for its complaint against the above-captioned defendant avers and

alleges as follows:

    1.    M&I EFC is a Wisconsin corporation with its principal place of business

located at 250 East Wisconsin Avenue, Suite 1400, Milwaukee, Wisconsin 53202.

    2.    Upon information and belief, Signature Bank is a commercial bank

chartered in New York with its principal place of business located at 565 Fifth Avenue, New

York, New York 10017.

    3.    This court has jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(a)(1), on the grounds that the matter in controversy exceeds the sum or value of $75,000

exclusive of interest and cost, and the matter in controversy is between citizens of different

States.

    4.    Venue in this court is proper under 28 U.S.C. §§ 1391(a) and (c), on the

grounds that the defendant resides within the District.

1400858.1

5.    M&I EFC obtained a judgment against Moise Banayan, Ahava Food Corp and Lewis County Dairy Corp ("the Judgment Debtors") in the amount of $658,994.02 on January 12, 2007.

6.    Upon information and belief, at all times relevant, the Judgment Debtors, or one or more of them, maintained accounts at Signature Bank, and Signature Bank owed a debt to one or more of the Judgment Debtors and/or was in the possession or custody of property in which Signature Bank knew or had reason to believe one or more of the Judgment Debtors had an interest.

7.    M&I EFC, through its counsel, served a restraining notice in the amount of the $658,994.02 judgment on Signature Bank via certified mail, return receipt requested, on February 28, 2007, pursuant to and in accordance with Section 5222(b) of the New York Civil Practice Law and Rules.

8.    Upon information and belief, Signature Bank received that restraining notice on March 5, 2007.

9.    Upon information and belief, Signature Bank failed to honor that restraining notice, and, in violation of that restraining notice, made or suffered the transfer or other disposition of, or interference with, assets in which one or more of the Judgment Debtors had an interest, or paid over or otherwise disposed of monies due to one or more of the Judgment Debtors, damaging M&I EFC in an amount to be determined at trial, up to and including $658,994.02.

10.    M&I EFC obtained a second judgment against the Judgment Debtors in the amount of $60,553.66 on April 23, 2007.

1400858.1

11.     M&I EFC, through its counsel, served a restraining notice in the amount of the $60,553.66 judgment on Signature Bank via certified mail, return receipt requested, on May 8, 2007, pursuant to and in accordance with Section 5222(b) of the New York Civil Practice Law and Rules.

12.     Upon information and belief, Signature Bank received that restraining notice on May 14, 2007.

13.     Upon information and belief, Signature Bank failed to honor that restraining notice, and, in violation of that restraining notice, made or suffered the transfer or other disposition of, or interference with, assets in which one or more of the Judgment Debtors had an interest, or paid over or otherwise disposed of monies due to one or more of the Judgment Debtors, damaging M&I EFC in an amount to be determined at trial, up to and including $60,553.66.

WHEREFORE, M&I Equipment Finance Company demands judgment against Signature Bank in an amount to be determined at trial, up to and including $719,547.68, plus interest, costs and other relief as the Court deems just and proper.

Dated: March 3, 2008

BOND, SCHOENECK & KING, PLLC

By: _____
    Louis Orbach (LO 9611)
    One Lincoln Center
    Syracuse, NY 13202
    Telephone: (315) 218-8000
    Fax: (315) 218-8100
    E-mail: orbachl@bsk.com

    Attorneys for Plaintiff,
    M&I Equipment Finance Company

3

1400858.1

September 13, 2006

## INDIVIDUAL PRACTICES IN CIVIL CASES
## GERARD E. LYNCH, UNITED STATES DISTRICT JUDGE

**Chambers**

Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 910
New York, New York 10007
(212) 805-0427

**Courtroom**

Courtroom 6B
500 Pearl Street
Jose E. Lopez
Courtroom Deputy Clerk
(212) 805-0435

**Unless otherwise ordered by Judge Lynch, matters before Judge Lynch shall be conducted in accordance with the following practices:**

### 1. Communications with Chambers

**A. Letters.** Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel. Copies of correspondence between counsel shall not be sent to the Court. Refer to Rule 2.F below for letters concerning discovery disputes.

**B. Telephone Calls.** Except as provided in Paragraph 1(D) below, telephone calls to chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call chambers at 212-805-0427. Absent extraordinary justification, ex parte telephone calls will not be accepted; counsel for all affected parties should be on the line when a call to chambers is placed, except that similarly situated parties may designate a lead counsel to represent them on such a call.

**C. Faxes.** Faxes to chambers are not permitted without prior permission of the Court.

**D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Jose E. Lopez at 212-805-0435 between 9:00 A.M. and 5:00 P.M..

**E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.

## 2. Motions

**A. Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2; to raise a discovery dispute with the Court, follow Rule 2.F. below. For motions other than discovery motions, pre-motion conferences are not required.

**B. Filing of Motion Papers.** Motion papers shall be filed promptly after service.

**C. Courtesy Copies.** Two courtesy copies of all motion papers, marked as such, should be submitted to chambers, by the movant, at the time the reply is served. Courtesy copies should not be submitted to chambers at the time of filing.

**D. Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

**E. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. Whether or not requested, the court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**F. Discovery Disputes.** Unless otherwise directed, counsel should describe their discovery disputes in a single letter, jointly composed. Separate and successive letters will be returned, unread. Strict adherence to Fed. R. Civ. P. 37(a)(2)(A), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support.

## 3. Pretrial Procedures

**A. Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a dispositive motion has been filed, within 30 days of its decision, the parties shall submit to the court for its approval a joint pretrial order, which shall include the following:

    i. The full caption of the action.

    ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

    iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

    iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

2

     v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

     vi. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

     vii. Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

     viii. A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.

     ix. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

     x. A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B. Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, each party shall file, with the proposed joint pretrial order:

     i. In jury cases, requests to charge and proposed voir dire questions. When feasible, proposed jury charges should also be submitted on a 3.5" diskette in WordPerfect version 5.1 or higher format;

     ii. In non-jury cases, proposed findings of fact and conclusions of law. Proposed findings of fact should be detailed.

     iii. In all cases, motions addressing any evidentiary or other issues which should be resolved in limine; and

     iv. In any case where such party believes it would be useful, a pretrial memorandum.

**C. Additional submissions in Non-Jury Cases.** At the time the joint pretrial order is filed, each party shall serve, but not file, the following:

i. Affidavits constituting the direct testimony of each trial witness, except for testimony of an adverse party, a person whose attendance must be compelled by subpoena, or a person for whom a party has requested and the court has agreed to hear direct testimony during the trial. Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial. Only those witnesses who will be cross-examined need appear at trial. The original affidavit shall be marked as an exhibit at trial.

ii. All deposition excerpts which will be offered as substantive evidence, as well as a one page synopsis (with page references) of those excerpts for each deposition.

iii. All documentary evidence.

3

**D. Filings in opposition.** Any party may file the following documents within one week of the filing of the pretrial order, but in no event less than two days before the scheduled trial date.

    i. Objections to another party's requests to charge or proposed voir dire questions.

    ii. Opposition to any motion in limine.

    iii. Opposition to any legal argument in pretrial memorandum.

**E. Courtesy Copies.** Two courtesy copies of the joint pretrial order and all documents filed or served with the pretrial order should be submitted to chambers on the date of filing or service.

4.      Conferences

**A. Principal Trial Counsel.** The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

**B. Initial Case Management Conference.** The Court will generally schedule a Fed. R. Civ. P. 16(c) conference for a Friday within three months of the filing of the Complaint. One courtesy copy of the pleadings should be delivered to chambers prior to the conference date.

**C. Additional Conferences.** Additional conferences may be scheduled from time to time as needed.

4

June 13, 2006

## INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE GABRIEL W. GORENSTEIN

Matters before Judge Gorenstein shall be conducted in accordance with the following rules unless otherwise ordered.

### 1. Communications with Chambers

**A. Letters.** Letters to the Court are permitted and should be addressed to: 500 Pearl Street, New York, NY 10007. If delivered by hand, they should be brought to the mail room at 500 Pearl Street. Copies must be simultaneously delivered to all counsel. Letters may not be submitted by means of the Electronic Case Filing ("ECF") system.

The Court will not consider any letter that fails to comply with any applicable requirement contained in these Individual Practices. Copies of correspondence sent between counsel or the parties shall not be sent to the Court.

**B. Telephone Calls.** Except as provided in Paragraph 1(D) below, telephone calls to Chambers are permitted only in emergency situations.

**C. Faxes.** Letters to Chambers sent by facsimile telecopier are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than 10 pages may be faxed without prior authorization. Do not follow with a hard copy. The fax number is (212) 805-4268.

**D. Docketing and Calendar Matters.** For docketing and calendar matters, call Sylvia Gonzalez, the Deputy Clerk, at (212) 805-4260 between 9:00 A.M. and 5:00 P.M.

**E. Requests for Extensions of Time.** All requests for extensions of deadlines must state (1) the date or dates sought to be extended, (2) the number of previous requests for extensions, (3) the reason for the extension, and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent. To the extent a request to extend a particular date requires a change in other scheduled dates, the request must list the proposed change for all such other dates. A request may be made either by letter or by a joint stipulation that reflects the required information. Note: to the extent a party's adversary does not consent to a request regarding a discovery deadline, the party must also comply with the conference requirements of paragraph 2.A. below.

**F. Requests for Adjournments of Court Appearances (including telephone conferences).** A request for an adjournment of a court appearance shall be made as soon as a party is aware of the need for the adjournment and, in any event, no later than five business days prior to the scheduled appearance (absent an emergency). Prior to making such a request, the party intending to so request should contact the Deputy Clerk, Sylvia Gonzalez ((212) 805-4260), to determine an alternative date for which the Court is available for a rescheduled court appearance. The requesting party should then contact all other parties to determine their availability for that date. The requesting party must then make a written request to the Court for an adjournment by letter forthwith stating the date and time that is being requested. The letter, which may be sent by fax, must be copied to all parties and include a statement as to the other parties' positions on the change in date. The appearance is not adjourned unless counsel are thereafter informed by the Deputy Clerk that the written application has been granted.

## 2. Motions

**A. Pre-Motion Conferences in Civil Cases.** As described below, pre-motion conferences are required in all instances where the proposed motion is returnable before Judge Gorenstein. No pre-motion conference is required, however, for motions for admission pro hac vice, motions for reconsideration or reargument, motions listed in Fed. R. App. P. 4(a)(4)(A), motions for attorney's fees and applications made by order to show cause.

Discovery Motions. No application relating to discovery (that is, any dispute arising under Rules 26 through 37 or Rule 45 of the Federal Rules of Civil Procedure) shall be heard unless the moving party has first conferred in good faith by telephone or in person with all other relevant parties in an effort to resolve the dispute. If the conference with the relevant parties has not resolved the dispute, the moving party must inform the parties during the conference that the moving party intends to seek relief from the Court regarding the dispute. The moving party must thereafter promptly request a conference with the Court. See Local Civil Rule 37.2. To request a conference with the Court, the moving party shall submit a letter (normally not more than five pages) setting forth the basis of the dispute and the need for the anticipated motion. The letter must certify that the required in-person or telephonic conference took place between counsel and the relevant parties. The letter must also state the date of such conference and provide the adversary's position as to each issue being raised (as stated by the adversary during the in-person or telephonic conference). None of these requirements may be satisfied by attaching copies of correspondence between counsel. The party opposing the requested relief should submit a letter to the Court in response as soon as practicable.

Motions other than Discovery Motions. To arrange a pre-motion conference for non-discovery matters, the moving party shall submit a letter setting forth briefly (normally not more than one or two pages) the nature of the anticipated motion.

**B. Briefing Schedule on Motions.** In instances where the Court has ordered a briefing schedule on a motion, that schedule applies. In all other instances, the parties are encouraged to agree on a reasonable schedule, which shall be set forth in a letter to the Court that accompanies the courtesy copies of the initial motion papers. In the rare instance where the parties cannot agree on a schedule, the parties should follow Local Civil Rule 6.1(a) and any required extension may be sought in accordance with Paragraph 1(E) above. A return date should not be given in the Notice of Motion; but reference should be made in the Notice to the due date for opposition and reply papers.

Where no Court order as to a briefing schedule is in effect, leave of the Court is not required to effectuate an agreement between the parties to extend the deadlines for filing papers. Such agreements, however, must be disclosed to the Court in a letter.

When the motion is fully submitted, the party making the initial motion shall send a letter informing the Court of such with copies of the letter sent to all other parties.

**C. Courtesy Copies.** One courtesy copy of each motion paper, marked as such, must be submitted to Chambers (by mail or delivery to the mailroom at 500 Pearl Street) at the same time as service on opposing counsel. Courtesy copies may not be submitted through the ECF system.

**D. Memoranda of Law.** A memorandum of law must accompany all motions and oppositions thereto. See Local Civil Rule 7.1. The Court does not impose any page limitations

2

but notes that it is the rare case in which a memorandum of law will need to exceed 25 pages (10 pages for reply memoranda). Memoranda of more than 10 pages shall contain a table of contents. A memorandum of law shall not incorporate by reference any accompanying declarations or affidavits. Instead, the memorandum must contain a fact section that sets forth all facts relevant to the motion and, for each factual statement, contains one or more citations to the declarations, affidavits or other evidence in the record. Factual statements contained within other sections of a memorandum should also be followed by a citation to record evidence.

  **E. Filing of Motion Papers.** Motion papers shall be filed with the Clerk's Office promptly following service on the parties. Courtesy copies must be sent to Chambers in accordance with 2(C) above.

  **F. Confidential Materials.** To the extent motion papers or other submissions to the Court contain confidential material that has been filed under seal (for which permission must be granted) or that is subject to a confidentiality order, each page that contains such material <u>and only such pages</u> shall be prominently stamped "Confidential." In addition, the margins of such pages shall be marked to indicate the confidential material contained therein. Only pages marked confidential shall be filed under seal.

  **G. Oral Argument on Motions.** Judge Gorenstein normally does not hear oral argument on motions. The parties may request oral argument by letter. If the Court determines that argument will be heard, it will so advise counsel.

  **H. Requirements for Summary Judgment Motions.** Any motion for summary judgment must comply with Local Civil Rule 56.1. Where a party seeks summary judgment against a <u>pro se</u> litigant, that party is reminded to comply with the notice requirements of Local Civil Rule 56.2.

## 3. Pretrial Procedures

  **Note: The following additional procedures apply only to those cases where the parties have consented under 28 U.S.C. § 636(c) to have all proceedings, including trial, before Judge Gorenstein.**

  **A. Pretrial Disclosure.** The parties are reminded of their obligations to make certain disclosures regarding expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and to make disclosure regarding evidence that may be presented at trial pursuant to Fed. R. Civ. P. 26(a)(3). Failure to comply with these requirements may result in preclusion or other sanctions.

  **B. Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case, the parties shall submit to the Court for its approval a joint pretrial order, which shall include the following:

   i. The full caption of the action.

   ii. The names, addresses (including firm names), and telephone (including cellular phone if available) and fax numbers of trial counsel.

   iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter

3

jurisdiction. Such statements shall include citations to all statutes relied on and relevant jurisdictional facts, such as citizenship and jurisdictional amount.

iv. A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.

v. With respect to each claim remaining to be tried, a statement listing each element or category of damages sought with respect to such claim and, if appropriate, a calculation of the amount of damages sought with respect to such element or category.

vi. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vii. Any stipulations or agreed statements of fact or law that have been agreed to by all parties.

viii. A statement by each party as to the witnesses whose testimony is to be offered in its case, indicating whether such witnesses will testify in person or by deposition. A party may not call as a witness an individual who is not listed in its portion of this statement.

ix. A designation by each party of deposition testimony to be offered in its case, referencing page and line numbers, with any cross-designations and objections by any other party. If there is no objection or cross-designation, the Court will deem the opposing party to have waived any such objection or cross-designation. A party may not offer deposition testimony that is not listed in its portion of the designation.

x. A list by each party of exhibits to be offered in its case. Each exhibit shall be pre-marked (plaintiff to use numbers, defendant to use letters). For any exhibit as to which there is an objection, the party objecting must briefly specify, next to the listing for that exhibit, the nature of the party's objection (e.g., "authenticity," "hearsay," "Rule 403"). Any objection not listed shall be deemed waived. A party may not offer an exhibit that is not listed in its portion of the list.

C. Filings Prior to Trial in Civil Cases. Unless otherwise ordered by the Court, each party shall file -- 15 days before the date of commencement of trial if such a date has been fixed or 30 days after the submission of the final pretrial order if no trial date has been fixed, whichever is earlier -- the following:

i. In jury cases, all parties must prepare jointly three separate documents: (1) a list of voir dire questions to be asked of prospective jurors; (2) requests to charge; and (3) a proposed verdict sheet. To the extent a party objects to another party's requested voir dire questions, requests to charge or proposed verdict sheet, that party should (1) set forth the grounds for that objection (or refer to the trial memorandum of law for a full discussion of the objection) and (2) propose an alternative. All requests to charge, all objections and all alternative proposals must include citation to authority. If the voir dire questions, requests to charge and/or verdict sheets are prepared on a computer, electronic copies must also be submitted on disk, CD-ROM, or via e-mail, preferably in WordPerfect format. Counsel should contact Ms. Gonzalez for instructions on how to submit such materials by e-mail.

4

Each party must also file a Trial Memorandum of Law addressed to each issue of law that the party expects to arise at or before trial.

ii. In nonjury cases, the parties are required to submit proposed findings of fact and conclusions of law. The parties must also submit trial memoranda of law that identify the issues, summarize facts and applicable law, and address any evidentiary issues. If prepared on a computer, these materials should also be submitted on disk, CD-ROM, or via e-mail, preferably in WordPerfect format. Counsel should contact Ms. Gonzalez for instructions on how to submit such materials by e-mail.

**D. Submissions to the Court Prior to Trial in Civil Cases.** At or before the time the materials set forth in paragraph 3.C above are filed, the parties shall deliver to the Court in a looseleaf notebook (with a copy to their adversary): (1) a copy of each of the party's pre-marked exhibits, see paragraph 3.B.x above, and (2) a copy of any deposition testimony designated in paragraph 3.B.ix above.

**E. Witnesses at Trial.** When a party's case commences, that party is expected to have witnesses available to fill the trial day, which runs from 9:15 a.m. to 5:00 p.m. with a one hour lunch break. The parties are warned that if a party does not have a witness available to testify, the Court may deem that party to have rested. Any requests to schedule a witness out of order and/or for a particular day must be made by a letter application that states the opposing party's position and that is sent (1) prior to trial and (2) as soon as counsel is aware of the limited availability of that witness. Untimely applications will be denied.

5

MAR-26-2008  11:58        SIGNATURE BANK                    1 646 822 1695      P.015

J. MICHAEL McMAHON                                                          WWW.NYSD.USCOURTS.GOV
CLERK OF COURT                                                              June 7, 2004

**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007
300 QUARROPAS STREET, WHITE PLAINS, NY 10601

# 3rd Amended Instructions for Filing an Electronic Case or Appeal

*Important* - your new case is an electronically filed case (ECF case) and you will be <u>required</u> to file documents electronically instead of on paper (with certain exceptions listed below). If you don't have your ECF password yet, you should <u>register now</u> (no fee required) on the CM/ECF page of the Court's website at www.nysd.uscourts.gov Please follow the instructions below.

ECF Judges:

| | | | | | | |
|---|---|---|---|---|---|---|
| Baer *** | Castel ** | Griesa ** | Knapp *** | McMahon * | Preska * | Stein * |
| Batts * | Cedarbaum*** | Haight ** | Koeltl * | Motley *** | Rakoff ** | Swain ** |
| Berman ** | Chin ** | Hellerstein ** | Kram *** | Mukasey * | Robinson * | Sweet * |
| Brieant * | Conner * | Holwell ** | Leisure ** | Owen *** | Sand *** | Wood ** |
| Buchwald ** | Cote ** | Jones ** | Lynch ** | Patterson *** | Scheindlin ** | Magistrate- |
| Carter *** | Daniels ** | Kaplan * | Marrero ** | Pauley ** | Sprizzo *** | Judges * |
| Casey ** | Duffy *** | Keenan ** | McKenna *** | Pollack ** | Stanton *** | |

\*    ECF Wave 1 Judge, assigning new cases filed on or after December 2, 2003 to the ECF system.
\*\*   ECF Wave 2 Judge, assigning new cases filed on or after March 1, 2004 to the ECF system.
\*\*\*  ECF Wave 3 Judge, assigning new cases filed on or after June 7, 2004 to the ECF system.

Important note on non-ECF cases: Older cases filed prior to the above dates, as well as Pro Se cases, Habeas Corpus cases, Social Security cases, and Multi-District Litigation <u>will not be electronically filed</u> and should be filed on paper. Do not file documents electronically in cases that are not assigned to the ECF system.

## Instructions

(1)    Electronic cases are opened and service of the initiating documents (complaint, notice of removal, etc.) is accomplished in the traditional manner, on paper.

(2)    *Important* - In addition to serving the initiating documents in the traditional manner, on paper, you are also required to deliver paper copies of the following documents to all other parties (copies available at the courthouse, & on our website);

    (a) The assigned Judge's Individual Rules
    (b) USDC/SDNY Instructions for Filing an Electronic Case or Appeal (this document)
    (c) USDC/SDNY Procedures for Electronic Case Filing
    (d) USDC/SDNY Guidelines for Electronic Case Filing.

(3)    <u>Within 24 hours of the assignment of a case number</u>, you are required to <u>email</u> to the Clerk of Court the initiating documents <u>in Adobe Acrobat pdf format only</u>. Failure to do so within 24 hours will delay adding your case to the computerized ECF docket. Include a F.R.C.P. Rule 7.1 Statement (if applicable) and any exhibits. The case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption. Each document must be in a separate pdf file <u>no larger than 2.5 megabytes</u> (separate large computer files into smaller parts if necessary, and label accordingly). When sending email, the subject line of the email & the file name of the pdf should list only the case number followed by a document description (ex. "Re: 01cv1234-complaint"). Send the email (do not file on the ECF system) to:

    (a) For new civil cases assigned to a Manhattan Judge, email a pdf copy of the documents to

        **case_openings@nysd.uscourts.gov**

    (b) For new civil cases assigned to a White Plains Judge, email a pdf copy of the documents to

        **wpclerk@nysd.uscourts.gov**

USDC/SDNY Instructions for Filing an Electronic Case or Appeal        Page 2 of 2

(4)    File the Affidavit of Service for the initiating document (complaint, notice of removal, etc.) in the following manner:

    (a) electronically file the Affidavit of Service for the initiating document on the ECF system (do not send by email),
    (b) file the original Affidavit of Service with summons attached in the traditional manner, on paper with the Clerk.

(5)    All subsequent documents, including the Defendant's Answer, must be filed electronically on the ECF system at ecf.nysd.uscourts.gov. Electronic filing involves using your ECF password to docket the item directly into the ECF system. Electronic filing is not the same as email to the Clerk. Read the Judge's Individual Rules to determine if courtesy copies (on paper) are required.

(6)    Appeals will be assigned to the ECF system only if the original case was also electronically filed. File the appeal in the traditional manner, on paper. Then within 24 hours of filing the paper copy of your Appeal at the courthouse, you are required to email to the Clerk of Court an electronic copy of the Appeal in pdf format. Include any exhibits. Each document must be in a separate pdf file no larger than 2.5 megabytes. The District Court case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption.

    When sending email, the subject line of the email should always list the case number followed by a document description (ex. "Re: 01cv1234-appeal"). Send the email (do not file on the ECF system) to:

    (a) For appeals from an ECF case assigned to a Manhattan Judge, email a pdf copy of the appeal to

                           **appeals@nysd.uscourts.gov**

    (b) For appeals from an ECF case assigned to a White Plains Judge, email a pdf copy of the appeal to

                           **wpclerk@nysd.uscourts.gov**

(7)    Follow all the rules for Electronic Case Filing (available at www.nysd.uscourts.gov):

    (a) SDNY Procedures for Electronic Case Filing       (d) Local Rules of this Court, and
    (b) SDNY Guidelines for Electronic Case Filing       (e) Federal Rules of Civil Procedure
    (c) Individual Rules of the Assigned Judge

### ✓ Learn More About Electronic Case Filing at www.nysd.uscourts.gov

✓   Click on the "CM-ECF" page for the official ECF filing rules, training information, computer requirements, and more.

✓   Attorneys should use the "Attorney Registration" page to register on-line for a SDNY ECF password (no fee). Your ECF password will be sent to you by email. You must have an ECF password from SDNY District Court to file documents electronically.

✓   Sign up now for a SDNY PACER account if you don't already have one. Call (800) 676-6856, or go to http://pacer.psc.uscourts.gov

✓   Electronically file documents in ECF cases over the Internet at ecf.nysd.uscourts.gov

✓   Don't have a computer or scanner? Bring your ECF password and the paper documents to the courthouse, and you can use our public computers to electronically file your documents. Call the ECF Help Desk for more information.

✓   The ECF Help Desk is available to answer your ECF questions from 8:30 AM to 7:00 PM at (212) 805-0800, and from 8:30 PM to 5:00 PM at (914) 390-4204, and by email at **help_desk@nysd.uscourts.gov**

### WWW.NYSD.USCOURTS.GOV

MAR-25-2008  11:58     SIGNATURE BANK                    1 646 822 1695     P.017

United States District Court
Southern District of New York

# Procedures for Electronic Case Filing

March 6, 2003

# Procedures for Electronic Case Filing

**Procedures for Electronic Case Filing**

The Court will accept for filing documents submitted, signed or verified by electronic means that comply with the following procedures.

**1. Scope of Electronic Filing**

(a) The Court will designate which cases will be assigned to the Electronic Filing System. Except as expressly provided and in exceptional circumstances preventing a Filing User from filing electronically, all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the Court in a case assigned to the Electronic Filing System must be filed electronically. A paper may be filed electronically (i) from a remote location, (ii) by bringing it to the Clerk's office during regular business hours,  in a form or electronic format prescribed by the Clerk, for input into the System, or (iii) where permitted by the Court, by bringing the paper to the Clerk's office during regular business hours to be scanned into the System.

(b) Unless limited by their terms to civil cases, the provisions of these procedures relating to electronic filing apply in criminal cases that are initiated by the filing of an indictment or information. Electronic filing procedures shall not apply to applications for arrest, search or electronic surveillance warrants; for other orders in aid of or ancillary to a criminal investigation; or to proceedings relating to the grand jury.

(c) Electronic filing procedures shall not apply to Social Security Cases.

(d) The filing and service of the initial papers in a civil case, including the complaint, the issuance of the summons and the proof of service of the summons and complaint, as well as service of non-party subpoenas, will be accomplished in the traditional manner on paper in accordance with the Federal Rules of Civil Procedure and applicable Local Rules governing service, rather than electronically. In a criminal case, the indictment or information, including any superseders, shall also be filed and given to the defendant in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules rather than electronically; in addition, service of subpoenas shall be made in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules. In a case assigned to the Electronic Filing System after it has been opened, parties must promptly provide the Clerk with electronic copies of all documents previously provided in paper form. All subsequent documents must be filed electronically except as provided in these procedures or as ordered by the Court.

**2. Eligibility, Registration, Passwords**

(a) Attorneys admitted to the bar of this Court, including those admitted pro hac vice and attorneys authorized to represent the United States, may register and may be required to register as Filing Users of the Court's Electronic Filing System. Unless excused by the Court, attorneys not already Filing Users in cases assigned to the Electronic Filing System must register as Filing Users forthwith upon the case being so designated. Registration is in a form prescribed by the Clerk and requires the Filing User's name, address, telephone number, Internet e-mail address, and

a declaration that the attorney is admitted to the bar of this Court or authorized to represent the United States.

(b) If the Court permits or requires, a party to a pending civil action who is not represented by an attorney may register as a Filing User in the Electronic Filing System solely for purposes of the action. Registration is in a form prescribed by the Clerk and requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party. If, during the course of the proceeding, the party retains an attorney who appears on the party's behalf, the attorney must advise the Clerk to terminate the party's registration as a Filing User upon the attorney's appearance.

(c) Once registration is completed, the Filing User will receive notification of the user log-in and password. Filing Users agree to protect the security of their passwords and immediately notify the Clerk if they learn that their password has been compromised. Users may be subject to sanctions for failure to comply with this provision.

(d) In a civil action, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted, (i) each attorney identified on the Civil Cover Sheet, as well as (ii) each additional attorney who subsequently appears in the action and files a Request for Electronic Notification (which may be filed electronically). In a criminal case, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted and who will be granted access to electronically file and retrieve documents in the case, the attorney(s) for the United States identified on the Criminal Designation Form or subsequently identified as representing the United States in the case and each attorney filing a Notice of Appearance on behalf of a defendant. Notices of Appearance on behalf of a criminal defendant will be filed in the traditional manner on paper.

(e) An attorney of record may, by written or electronic request to the Clerk, have transmission of Notices of Electronic Filing to another attorney in his or her firm terminated.

## 3. Consequences of Electronic Filing

(a) Except as otherwise provided in Procedure 4 herein, electronic filing of a document in the Electronic Filing System consistent with these procedures, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court and constitutes entry of the document on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55.

(b) When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court (subject to the exception set out in Procedure 4 below), and the filing party is bound by the document as filed. Except in the case of documents first filed in paper form and subsequently submitted electronically under Procedure 1, a document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court.

    (c) Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day.

    (d) Individual judges' practices should continue to be followed with respect to delivery of courtesy copies.

## 4. Entry of Court Orders

    (a) All orders, decrees, judgments, and proceedings of the Court will be filed in accordance with these procedures and entered on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55. Each document signed by a judge shall be scanned so as to contain an image of the judge's signature and shall be filed electronically by the Court, and the manually signed original shall be filed by the Clerk of the Court. In the event of a discrepancy between the electronically filed copy and the manually signed original, the manually signed original shall control.

    (b) A Filing User submitting a document electronically that requires a judge's signature must promptly deliver the document in such other form as the Court requires, if any.

## 5. Attachments and Exhibits

    Filing Users must submit in electronic form all documents referenced as exhibits or attachments, unless the Court permits paper filing. A Filing User must submit as exhibits or attachments only those excerpts of the referenced documents that are relevant to the matter under consideration by the Court. Excerpted material must be clearly and prominently identified as such. Filing Users who file excerpts of documents as exhibits or attachments under this procedure do so without prejudice to their right to file timely additional excerpts or the complete document. Responding parties may file timely additional excerpts that they believe are relevant or the complete document. A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned. In cases where the record of an administrative or other prior proceeding must be filed with the Court, such record may be served and filed in hard copy without prior motion and order of the Court.

## 6. Sealed Documents

    Documents ordered to be placed under seal may not be filed electronically unless specifically authorized by the Court. A motion to file documents under seal should be filed electronically unless prohibited by law; however, a motion to file under seal that includes a statement of why the filing should not be made electronically may be made in paper copy. The order of the Court authorizing the filing of documents under seal may be filed electronically unless prohibited by law. A paper copy of the order must be attached to the documents under seal and be delivered to the Clerk.

## 7. Retention Requirements

    Documents that are electronically filed and require original signatures other than that of the Filing User must be maintained in paper form by the Filing User until one year after all time periods for appeals expire, except that affidavits, declarations and proofs of service must be maintained in

paper form by the Filing User until five years after all time periods for appeals expire. On request of the Court, the Filing User must provide original documents for review.

### 8. Signatures

(a) The user log-in and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the Court. They also serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court. Each document filed electronically must indicate that it has been electronically filed. Electronically filed documents must include a signature block and must set forth the name, address, telephone number and (except in criminal cases) the attorney number, all in compliance with Local Civil Rule 11.1. In addition, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "s/" typed in the space where the signature would otherwise appear.

(b) No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User.

(c) A document requiring the signature of a defendant in a criminal case may be electronically filed only in a scanned format that contains an image of the defendant's signature.

(d) Documents requiring signatures of more than one party must be electronically filed either by: (1) submitting a scanned document containing all necessary signatures; (2) representing the consent of the other parties on the document; (3) identifying on the document the parties whose signatures are required and by the submission of a notice of endorsement by the other parties no later than three business days after filing; or (4) in any other manner approved by the Court.

### 9. Service of Documents by Electronic Means

Transmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of such document upon any Filing User in that case. It remains the duty of the attorney for a party to review regularly the docket sheet of the case. Attorneys and pro se parties who are not Filing Users shall be served with a paper copy of any electronically filed pleading or other document. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules.

### 10. Notice of Court Orders and Judgments

Immediately upon the entry of an order or judgment in a proceeding assigned to the Electronic Filing System, the Clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Crim.P. 49(c) and Fed.R.Civ.P. 77(d). **It remains the duty of the attorney for a party to review regularly the docket sheet of the case.** The Clerk must give notice in paper form to a person who is not a Filing User in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure.

MAR-25-2008  12:01      SIGNATURE BANK                    1 646 822 1695    P.022

**11. Technical Failures**

A Filing User whose filing is made untimely as the result of a technical failure may seek appropriate relief from the Court.

**12. Public Access**

A person may review at the Clerk's office filings that have not been sealed by the Court. A person also may access the Electronic Filing System at the Court's Internet site www.nysd.uscourts.gov by obtaining a PACER log-in and password. A person who has PACER access may retrieve docket sheets in civil and criminal cases and documents in a civil case, but only counsel for the government and for a defendant may retrieve documents in a criminal case. Only a Filing User under Procedure 2 herein may file documents.

MAR-25-2008  12:01      SIGNATURE BANK                    1 646 822 1695    P.023
U.S. District Court - Southern District of New York                      Page 1 of 7

## Guidelines for Electronic Case Filing

### Frequently Asked Questions about Electronic Case Filing

Click on a frequently asked question to find an answer.

Show All Hide All

What is the web address for the SDNY ECF system?

The new ECF system will be on the Internet at https://ecf.nysd.uscourts.gov

Should I use Netscape Navigator or Internet Explorer to use ECF?

Only Netscape Navigator 4.6, 4.7, or Internet Explorer 5.5 have been certified for use with the ECF program. Other browsers have not been certified, and while they may work part of the time, they may also cause errors in the middle of filing.

Is there a limit to the size of a document that can be filed on ECF?

Yes, 2.5 megabytes (approximately 50 pages). If your file is too large, the system will reject it. The solution is to separate an oversized file into 2 or more parts and docket it in a single event. Simply label each file 1, 2, 3, etc. In all cases assigned to the ECF system, no single document totaling more than 15 megabytes (even if separated into individual computer files) shall be electronically filed without prior permission of the Court.

Can I file documents that originate on paper and are then scanned to create a pdf file?

Yes, but.....the ECF system will not accept any single document that is larger than 2.5 megabytes, or approximately 50 pages. Wherever possible, you should create pdf files directly from a word processing program. When you create a pdf file from a scanned paper document, the file size is significantly larger. This may prevent you from filing it as a single document on the ECF system and will also take up unnecessary computer memory on your own computer system. Besides, it's easier to create a pdf directly from a word processor.

Who can file documents on ECF?

Only an attorney admitted to practice in SDNY, and registered to use the ECF system, or an "authorized agent" of the filing user, is permitted to file (ECF Procedures, 8b). A filing will be deemed to be the sole responsibility of the filing user whose log-in and password were used to file the document. Be careful whom you allow to use your ECF log-in and password. Attorneys can register on-line to use ECF at http://www1.nysd.uscourts.gov/ecf_registration.php

Can an attorney admitted Pro Hac Vice file documents electronically?

MAR-25-2008  12:01       SIGNATURE BANK                    1 646 822 1695      P.024
U.S. District Court • Southern District of New York                        Page 2 of 7

Yes. Immediately after a motion to be admitted pro hac vice is granted, the attorney is required to register to be an ECF Filing User at http://www1.nysd.uscourts.gov/ecf_registration.php

Will I need a password to use ECF?

Yes, 2 passwords - one for the ECF system and one for PACER. To obtain an ECF password you must first register to be an ECF Filing User at http://www1.nysd.uscourts.gov/ecf_registration.php

To obtain a PACER password go to http://ecf.nysd.uscourts.gov If you already use dial up PACER service, then you don't need to change anything - your log-in and password will remain the same.

When a document is electronically filed, all ECF registered attorneys of record in that case will receive an email titled NOTICE OF ELECTRONIC FILING and a hypertext link to the document. That is your "one free look" at the document. If you need a second look or want to view other cases where you are not the attorney of record, you will be required to enter your PACER log-in and password.

Can I view both civil and criminal dockets over the Internet?

Civil dockets are available remotely over the Internet to anyone with a PACER account. Criminal dockets are available remotely over the Internet only to the attorney of record. As always, all civil and criminal dockets may be viewed on public access computers at the courthouse.

How can I sign up other attorneys in my firm to receive electronic notices in my case?

By adding them as an additional attorney of record. Every attorney of record will receive email notification of filings in his or her case. The ECF system will allow up to two attorneys of record to be entered in each case. Of course, each attorney must be a registered ECF filing user.

Must the caption of the document indicate it has been electronically filed?

Yes. (SDNY ECF Procedures, 8a).

How will I know if I have successfully filed a document electronically?

The filer will immediately receive a Notice of Electronic Filing, which should be saved and/or printed; it's your receipt. You will also see a list of who will be served electronically and who will not. It is the responsibility of the filing party to serve paper copies on any party that will not receive electronic notice.

What if I file the wrong document, or file in the wrong case?

In all cases assigned to the ECF system, if a document is electronically filed in error, the filer shall

MAR-25-2008 12:01      SIGNATURE BANK                    1 646 822 1695      P.025

Email a copy of all filed documents in pdf format to:
For cases assigned to a Manhattan Judge: appeals@nysd.uscourts.gov
For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

Failure to email the pdf copy of the Notice of Appeal to the Clerk within 24 hours may result in a
delay in adding the appeal to the Court's electronic docket.

Which is the "original" document, the paper or the ECF version?

When a document has been filed electronically, the official record is the electronic recording of the
document as stored by the Court, and the filing party is bound by the document as filed (ECF
Procedures 3b).

Must I keep paper originals of documents I electronically file?

Yes. See the official SDNY PROCEDURES FOR ELECTRONIC FILING, section 7 for details.

Should I continue to submit courtesy copies?

Counsel are directed to follow the individual Judge's Rules regarding the submission of courtesy
copies to chambers. If you would submit a courtesy copy of the document in a non-ECF case, you
should now submit a courtesy copy of it in an ECF case. (See also each Judge's Individual Rules)

When an attorney leaves a firm, how do we change the attorney's ECF Registration information?

Send written notice to the Attorney Admissions Clerk, 500 Pearl Street, NY, NY 10007.

Will there be an ECF Help Desk?

Yes. An ECF telephone Help Desk will be available from 8:30 AM to 7:00 PM Monday through Friday
at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914)390-4204. Or you can email your ECF
questions to help_desk@nysd.uscourts.gov

How can I stay up to date with future ECF news and developments?

By registering to be a Point of Contact (POC) at http://www1.nysd.uscourts.gov/ecf_poc.php, you will
receive periodic email messages concerning the ECF system. You don't need to be an attorney to be a
POC.

How can I learn how to use ECF?

MAR-25-2008  12:02        SIGNATURE BANK                    1 646 822 1696      P.026
U.S. District Court • Southern District of New York                    Page 7 of 7

On this Court's website you will find a link to "ECF Training", an on-line introduction to ECF, as well as detailed training materials for beginners and advanced users.

**500 Pearl Street, New York, New York 10007-1312 • 300 Quarropas Street, White Plains, New York 10601-4150**

# EXHIBIT B

Mara B. Levin (ML-1747)
**Herrick, Feinstein LLP**
Two Park Avenue
New York, New York 10016
(212) 592-1400 (phone)
(212) 592-1500 (fax)
mlevin@herrick.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
M&I EQUIPMENT FINANCE COMPANY,           :
                                          : Civil Action No. 08 CV 02164
                         Plaintiff,       :
                                          :
            - v -                         : **ANSWER TO COMPLAINT**
                                          : **AND AFFIRMATIVE DEFENSES**
SIGNATURE BANK,                           :
                                          :
                         Defendant.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Signature Bank, by its counsel, Herrick, Feinstein LLP, as and for its

Answer to the Complaint, hereby alleges as follows:

1.    Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph "1" of the Complaint.

2.    Admits the allegations contained in paragraph "2" of the Complaint.

3.    The allegations contained in Paragraph "3" of the Complaint are legal

conclusions for which no response is required; however, to the extent a response is required, the

allegations are denied.

4.    The allegations contained in Paragraph "4" of the Complaint are legal

conclusions for which no response is required; however, to the extent a response is required, the

allegations are denied.

5.    Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph "5" of the Complaint.

HF 4060144v.1 #06406/0000

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint..

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8.      Denies the allegations contained in paragraph "8" of the Complaint.

9.      Denies the allegations contained in paragraph "9" of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph "11" of the Complaint.

12.     Denies the allegations contained in paragraph "12" of the Complaint.

13.     Denies the allegations contained in paragraph "13" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

At all relevant times, Signature Bank had a right to set off any and all funds being maintained by Moise Banayan, Ahava Food Corp. and Lewis County Dairy Corp. at Signature Bank.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to execute upon or otherwise enforce the restraining notices allegedly sent to Signature Bank and has therefore not sustained any damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the applicable statute of limitations.

- 2 -

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrines of waiver, laches and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's security interest in any and all funds being maintained by Moise

Banayan, Ahava Food Corp. and Lewis County Dairy Corp. at Signature Bank was superior to

the alleged judgments obtained by plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the Debtor & Creditor Law Section 151.

**WHEREFORE,** Signature Bank demands judgment as follows:

(a)     dismissing the Complaint in its entirety with prejudice;

(b)     denying each and every demand and prayer for relief contained in the Complaint; and

(c)     awarding any other and further relief as the Court deems proper, including but not limited to Defendant's attorneys fees and costs associated with defending this action.

Dated: New York, New York
      March 25, 2008

                                      Mara B. Levin (ML 1747)
                                      HERRICK, FEINSTEIN LLP
                                      Attorneys for Defendant
                                        Signature Bank
                                      Two Park Avenue
                                      New York, NY 10016-9301
                                      (212) 592-1400

TO:    Louis Orbach, Esq.
        Bond, Schoeneck & King, PLLC
        Attorneys for Plaintiffs
        M&I Equipment Finance Company
        One Lincoln Center
        Syracuse, NY  13202
        (315) 218-8000

- 3 -