UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

M&I EQUIPMENT FINANCE COMPANY,

                Plaintiff,          Civil Action No.:
                                                08-CV-02164 (GEL/GWG)

    v.

SIGNATURE BANK,

                Defendant.

-----------------------------------------------------------------

### PLAINTIFF'S LOCAL RULE 56.1(b) RESPONSE TO DEFENDANT'S LOCAL RULE 56.1(a) STATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**(Electronically filed)**

Plaintiff M&I Equipment Finance Company ("M&I"), pursuant to Local Rule 56.1(b), hereby responds to Defendant Signature Bank's Local Rule 56.1(a) Statement of Material Facts dated June 2, 2008 (Docket No. 15) ("Defendant's Statement of Material Facts") as follows:

    1.    M&I denies paragraph 1 of Defendant's Statement of Material Facts. The "Master Credit Facility Agreement" produced by Defendant with its summary judgment motion (hereinafter, the "Credit Agreement") identifies Ahava Food Corp. ("Ahava") as the only "Borrower." *See* Declaration of Robert Bloch (Docket No. 14) ("Bloch Decl."), Ex. A. Furthermore, Defendant has refused to produce a deposition witness to be examined as to, *inter alia*, the authenticity of the "Credit Agreement" or any of its documents. *See* Declaration of Louis Orbach, executed on July 14, 2008 ("Orbach Decl."), ¶¶ 31-39.

1443754.1

2. M&I admits that the quoted section of the "Credit Agreement" attached to Defendant's motion papers purports to define a "final judgment . . ." as an "Event of Default," but denies paragraph 2 of Defendant's Statement of Material Facts because it provides an incomplete and altered quotation of that section. *See* Bloch Decl., Ex. A.

3. M&I denies paragraph 3 of Defendant's Statement of Material Facts, as it provides an incomplete and altered quotation of the referenced section of the alleged "Credit Agreement." *See* Bloch Decl., Ex. A.

4. M&I denies paragraph 4 of Defendant's Statement of Material Facts. The Facility B Note states on its face that it was for the principal sum of $5,500,000 or "*less*," depending on "the then outstanding principal amount loaned by the Bank . . . as Facility B Loans." Bloch Decl., Ex. C (emphasis added). The "Credit Agreement" provides that "[t]he date and amount of any Facility B Loan and of each payment, prepayment and readvance of principal thereunder shall be recorded on the grid schedule annexed to the Facility B Note . . .". Bloch Decl., Ex. A at § 2B.02(a). Defendant's motion papers do not include that "grid schedule." Furthermore, Defendant has refused to produce a deposition witness to be examined as to, *inter alia*, the authenticity of these notes or any of its documents, and has failed to provide any discovery concerning the actual amount of outstanding indebtedness, if any, on the notes as of March 5, 2007, the date Defendant received M&I's first restraining notice. Orbach Decl., ¶¶ 28-39.

5. M&I denies paragraph 5 of Defendant's Statement of Material Facts. The purported "Security Agreement" produced by Defendant with its summary judgment motion did not state that it pertained to "all assets," but only to those *personal* properties, assets and rights identified in Schedule I to the document. *See* Bloch Decl., Ex. D. Moreover, by its terms the

"first lien and security interest" the document purportedly granted to Defendant was subject to "permitted encumbrances." *Id.* In addition, the "Grantors" named in that document included St. Lawrence Food Corp. ("SLFC") and Yoni Realty, LLC ("Yoni"), not just Ahava and Lewis County Dairy Corp. ("LCD"). *Id.* Furthermore, Defendant has refused to produce a deposition witness to be examined as to, *inter alia*, the authenticity of this "Security Agreement" or any of its documents. Orbach Decl., ¶¶ 31-39.

6.  M&I assumes the truth of paragraph 6 of Defendant's Statement of Material Facts for purposes of this motion only.

7.  M&I denies paragraph 7 of Defendant's Statement of Material Facts. The "Joint and Several Guaranty of Payment" that Defendant has produced with its summary judgment motion appears to have been signed by SLFC and Yoni, not just LCD and Moise Banayan. *See* Bloch Decl., Ex. F. Furthermore, Signature has refused to produce a deposition witness to be examined as to, *inter alia*, the authenticity of that "Joint and Several Guaranty of Payment" or any of its documents. Orbach Decl., ¶¶ 31-39.

8.  M&I denies paragraph 8 of Defendant's Statement of Material Facts. On its face, the referenced note produced by Defendant with its summary judgment motion was for $750,000 "or such *lesser amount* as may then be the aggregate unpaid principal balance of all loans made by the Bank to the Borrower hereunder . . . as shown on the schedule attached to and made a part of this Note." Bloch Decl., Ex. G (emphasis added). Defendant's motion papers do not include that "schedule." Furthermore, Defendant has refused to produce a deposition witness to be examined as to, *inter alia*, the authenticity of this note or any of its documents, and has failed to provide any discovery concerning the actual amount of outstanding indebtedness on this note as of March 5, 2007, the date Defendant received M&I's first restraining notice. Orbach

Decl., ¶¶ 28-39. In addition, Defendant has not produced the referenced "Continuing Guaranty . . . executed by Ahava dated August 5, 2006."

        9.     M&I admits paragraph 9 of Defendant's Statement of Material Facts.

        10.    M&I assumes the truth of paragraph 10 of Defendant's Statement of Material Facts for purposes of this motion only, except notes that SLFC, Yoni, and Ana Banayan appear to have been additional parties to the "Forbearance Agreement," and further notes that those entities, and Schwartz & Sons Quality Distributors, Inc. ("Schwartz & Sons") appear to have been additional parties to the "Joinder Agreement, Waiver and First Amendment to Forbearance Agreement." *See* Bloch Decl., Exs. I & J.

        11.    M&I admits that the "Forbearance Agreement" attached to Defendant's motion papers defines M&I's judgments against the Judgment Debtors as "Existing Defaults," but denies the remainder of paragraph 11 of Defendant's Statement of Material Facts, as it provides an incomplete and altered quotation of the "Forbearance Agreement." *See* Bloch Decl., Ex. I.

        12.    M&I denies paragraph 12 of Defendant's Statement of Material Facts. The referenced note appears to have been executed by SLFC, not just Ahava. Moreover, the note states that it is in "the principal sum of . . . $1,750,000.00 . . . *or such lesser amount* as may then be the aggregate unpaid principal balance . . . as shown on the schedule attached to and made a part of this Promissory Note . . .". Bloch Decl., Ex. L. Defendant's motion papers do not include that "schedule." Furthermore, Defendant has refused to produce a deposition witness to be examined as to, *inter alia*, the authenticity of this note or any of its documents. Orbach Decl., ¶¶ 31-39.

1443754.1

13. M&I denies paragraph 13 of the Defendant's Statement of Material Facts. The "Joint and Several Guaranty of Payment Agreement" that Defendant has produced with its summary judgment motion appears to be signed by Schwartz & Sons and Chana Banayan, not just LCD and Mr. Banayan. *See* Bloch Decl., Ex. M. Furthermore, Signature has refused to produce a deposition witness to be examined as to, *inter alia*, the authenticity of that "Joint and Several Guaranty of Payment Agreement" or any of its documents. Orbach Decl., ¶¶ 31-39.

14. M&I denies paragraph 14 of Defendant's Statement of Material Facts. The parties named in the purported "Security Agreement" include SLFC and Schwartz & Sons, not just Ahava and LCD. *See* Bloch Decl., Ex N. Furthermore, Signature has refused to produce a deposition witness to be deposed as to, *inter alia*, the authenticity of the "Security Agreement" or any of its documents. Orbach Decl., ¶¶ 31-39.

15. M&I admits that Defendant has produced with its summary judgment motion a copy of what appears to be a "Pledge Agreement" dated August 27, 2007, but denies paragraph 15 of Defendant's Statement of Material Facts because Defendant has refused to produce a deposition witness to be deposed as to, *inter alia*, the authenticity of the "Pledge Agreement" or any of its documents. Orbach Decl., ¶¶ 31-39.

16. M&I assumes the truth of paragraph 16 of Defendant's Statement of Material Facts for purposes of this motion only.

17. M&I assumes the truth of paragraph 17 of Defendant's Statement of Material Facts for purposes of this motion only, except notes that SLFC, Yoni and Schwartz & Sons also appear to have been parties to the "Second Amendment to Forbearance Agreement." *See* Bloch Decl., Ex. O.

1443754.1

18. M&I assumes the truth of paragraph 18 of Defendant's Statement of Material Facts for purposes of this motion only, except notes that Signature also appears to have named SLFC, Yoni, Schwartz & Sons and Ana Banayan as defendants in the referenced lawsuit. *See* Bloch Decl., Ex. R.

19. M&I assumes the truth of paragraph 19 of Defendant's Statement of Material Facts for purposes of this motion only.

20. M&I admits that on April 3, 2007, Philip Frankel, Esq. of Bond, Schoeneck & King, PLLC faxed to Signature (for the second time) an extra copy of the First Restraining Notice and First Information Subpoena that Defendant admits it had received by certified mail, return receipt requested on March 5, 2007. *See* Bloch Decl., ¶ 23; Orbach Decl., ¶¶ 3-8.

21. M&I admits paragraph 21 of Defendant's Statement of Material Facts.

22. M&I admits paragraph 22 of Defendant's Statement of Material Facts.

23. M&I admits paragraph 23 of Defendant's Statement of Material Facts.

24. M&I admits paragraph 24 of Defendant's Statement of Material Facts.

25. M&I admits that Defendant never responded to the Second Information Subpoena. Orbach Decl., ¶¶ 12-15, 21.

26. M&I admits paragraph 26 of Defendant's Statement of Material Facts.

27. M&I admits that Mr. Gold supplied documents to its counsel, but denies paragraph 27 of Defendant's Statement of Material Facts to the extent it alleges that those documents "evidenc[e] the Judgment Debtors' indebtedness to the Bank" for several reasons, including the reasons set forth in paragraph 4, *supra* and because one of the notes Mr. Gold supplied in July 2007 (a note purportedly executed by LCD on March 30, 2006) does not appear

1443754.1

to be relied upon – or even referenced – by Defendant in its summary judgment motion. *See* Orbach Decl., ¶ 19.

    28.    M&I admits paragraph 28 of Defendant's Statement of Material Facts.

    29.    M&I admits paragraph 29 of Defendant's Statement of Material Facts.

    30.    M&I denies paragraph 30 of Defendant's Statement of Material Facts. *See* Orbach Decl., ¶¶ 22-25 & Ex. 23.

    31.    M&I admits that Defendant provided a written response (mostly objections) and a few documents in response to M&I's subpoena duces tecum, but denies any suggestion that Defendant provided adequate account information for the Judgment Debtors' accounts and respectfully refers the Court to the record of Defendant's subpoena response for a full and accurate representation of its contents. *See* Orbach Decl., ¶¶ 24-25 & Ex. 23.

    32.    M&I denies paragraph 32 of Defendant's Statement of Material Facts. This action was commenced on March 4, 2008. (Docket No. 1).

    33.    M&I admits paragraph 33 of Defendant's Statement of Material Facts.

Dated: July 14, 2008

BOND, SCHOENECK & KING, PLLC

By: _____
    Louis Orbach (LO 9611)
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
Fax: (315) 218-8100
E-mail: lorbach@bsk.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2008, I electronically filed the foregoing Plaintiff's Local Rule 56.1(b) Response to Defendant's Local Rule 56.1(a) Statement of Material Facts in Opposition to Defendant's Motion for Summary Judgment with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Mara B. Levin, Esq.
Herrick, Feinstein LLP
Two Park Avenue
New York, NY 10016-9301
E-mail: mlevin@herrick.com

_____
Louis Orbach

1443754.1